UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DOUGLAS M. FLYNN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:15-cv-00056-JMS-DKL |
| | ) |
| STANLEY KNIGHT, Superintendent, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Douglas Flynn for a writ of habeas corpus challenges a prison disciplinary proceeding in ISF15-01-0214 in which he was found guilty of unauthorized possession. For the reasons explained in this entry, Mr. Flynn's habeas petition must be **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On January 2, 2015, Correctional Officer Sarah Somers wrote a Report of Conduct that charged Mr. Flynn with class A offense engaging in trafficking. The Conduct Report states:

> On the date of 01/02/15 at 08:55 am I (Ofc. S. Somers) found two large plastic bags of approximately 2 in. X 7 in. each containing a dark brown, leafy substance. The two bags were found underneath locker 05-2-84 in a sock. Locker 08-2-84 is assigned to offender Flynn, D (DOC #931184). The dark brown, leafy substance appears to be tobacco. The only way offenders can obtain tobacco is through trafficking.

Dkt. 10-1.

A Notice of Confiscated Property was completed, identifying the two plastic bags containing a brown, leafy substance appearing to be tobacco. The reason for confiscation was "unauthorized possession of tobacco related products." Dkt. 10-2, p. 1. Photographs of the two bags were taken and Evidence Record forms were completed. *Id.* at pp. 2-3.

On January 12, 2015, Mr. Flynn was notified of the charge of class A offense 113, trafficking, when he was served with the Conduct Report and the Notice of Disciplinary Hearing (Screening Report). Mr. Flynn was notified of his rights and pleaded not guilty. He did not request any witnesses or physical evidence.

The hearing officer conducted a disciplinary hearing in ISF15-01-0214 on January 14, 2015. Dkt. 10-4. Mr. Flynn's comment was, "They came in and did a shake down. Stuff was flying when they come in. They said they found a sock under my locker. The lockers set up about 3-4 inch [sic] off the ground. This wasn't mine tho." *Id.* The hearing officer found Mr. Flynn guilty, not of class A offense 113, trafficking, but of a class B offense 215, unauthorized possession. Class

B offense 215, unauthorized possession of property, is defined as "unauthorized possession, destruction, alteration, damage to, or theft of State property or property belonging to another."

In making this determination, the hearing officer considered staff reports and the statement of the offender. The hearing officer recommended and approved sanctions including an earned credit time deprivation of 60 days, which was suspended. The hearing officer imposed the sanctions due to the seriousness of the offense, and the degree to which the violation disrupted/endangered the security of the facility. The suspended sanction was imposed in a subsequent disciplinary matter.

Mr. Flynn appealed to the Facility Head on January 15, 2015. The Facility Head denied the appeal on February 11, 2015. Mr. Flynn was not required to appeal to the Final Reviewing Authority because the sanction of an earned credit time deprivation of 60 days was suspended and, therefore, he did not suffer a grievous loss. Mr. Flynn filed this petition for writ of habeas corpus on February 27, 2015.

### III.  Analysis

Mr. Flynn alleges that his due process rights were violated during the disciplinary proceeding. His claims are: 1) the conduct report does not support the charge of trafficking; 2) he was not in "possession" of the tobacco as that term is defined under Indiana Department of Correction ("IDOC") policy; and 3) the only evidence was wadded up bags showing no contents.

Mr. Flynn's first claim fails because he was not found guilty of "trafficking." The hearing officer instead found him guilty of "unauthorized possession." Mr. Flynn defended the charge of unauthorized possession at the hearing.

Mr. Flynn's second claim challenges whether he could be found in "possession" of the contraband that was found. He stated at the hearing that "this wasn't mine." Dkt. 10-4. The conduct

report recites that the plastic bags of dark brown leafy substance were found in a sock underneath the locker assigned to Mr. Flynn. IDOC policy defines "possession" as "[o]n one's person, in one's quarters, in one's locker or under one's physical control." Dkt. 1-1. The policy further provides that "offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control." *Id.* "Areas under the offender's control include….the … locker in his/her work, educational or vocational assignment." *Id.*

Mr. Flynn does not refute the fact that the locker under which the contraband was found was his. Because his locker was presumed to be under his control, the finding that the contraband was in his possession was supported by sufficient evidence.

Mr. Flynn's final claim, that the only evidence was "wadded up bags," is not persuasive. The photographs do not depict empty bags. The dark contents are reflected in the photographs. Moreover, the evidence also consisted of the conduct report, describing the contraband and where it was found.

The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). There was sufficient evidence to support the hearing officer's guilty finding.

To the extent any of Mr. Flynn's claims are based on IDOC rules and regulations, they are not subject to federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law

violations provide no basis for federal habeas review."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief).

Mr. Flynn was given notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the decision. Under these circumstances, there were no violations of Mr. Flynn's due process rights.

### IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Flynn's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: February 11, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Douglas M. Flynn
#931184
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135